IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JEREMY M. CARTER,

      Petitioner,

v.

WARDEN J.V. FLOURNOY,

      Respondent.

CIVIL ACTION NO.: 2:16-cv-11

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jeremy Carter ("Carter"), who is currently housed at the Federal Correctional Institution in Estill, South Carolina, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). (Doc. 1). Respondent filed a Response. (Doc. 10). For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Carter's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Carter *in forma pauperis* status on appeal.

**BACKGROUND**

After a jury trial, Carter was sentenced in the United States District Court for the Southern District of Florida to 262 months' imprisonment for bank robbery, in violation of 18 U.S.C. § 2113(a), and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 10-1 at 13–14). Carter has a projected release date of March 11, 2021, via good-conduct-time release. (Id. at 11).

In his Petition, which he filed while he was housed at FCI Jesup, Carter asserts Respondent denied him access to the administrative remedies procedures at FCI Jesup. (Doc. 1

at 1). Carter also asserts he was placed in administrative segregation as retaliation for filing grievances on previous occasions and that the conditions in administrative segregation were "unsanitary and unsafe." (Id. at 2, 4). Carter contends he sustained blunt force trauma to his head after he repeatedly banged his head against the wall, and Respondent ignored Carter's requests for medical treatment for his head injury and denied him "essential psychiatric treatment." (Id. at 2–3). In addition, Carter maintains Respondent restricted his access to the law library, which restricted his access to the courts. (Id. at 3–4). Carter asks the Court to order Respondent to improve the conditions of his confinement and his release from administrative segregation. (Id. at 5–6).

Respondent argues Carter does not set forth claims appropriate for habeas corpus relief. Respondent also argues Carter's Petition is now moot, as he has been transferred to another facility. Finally, Respondent states Carter failed to exhaust his administrative remedies. (Doc. 10).

## DISCUSSION

**I.     Whether Carter can Proceed Pursuant to Section 2241**

Although Carter brought this action pursuant to 28 U.S.C. § 2241, the claims he asserts cannot be brought under that statute. Rather, Carter's claims should ordinarily have been brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well-settled. Claims in which prisoners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013). Habeas actions, in contrast, explicitly or by necessary

implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment).  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim.  See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Carter cannot bring the claims he asserts via a habeas petition.  He contests the conditions of his confinement, and such claims are not cognizable under Section 2241.  Carter requests access to grievance forms, release from administrative detention,[1] medical and mental health treatment, access to the law library, and repairs to the unsafe conditions in the special housing unit.  (Doc. 1 at 5–6).  Carter's requested relief does not fall within the purview of Section 2241.  Moreover, Carter does not assert any challenge to his sentence, conviction, or duration of confinement.

Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Carter's 28 U.S.C. § 2241 Petition.  It is unnecessary to address the remaining grounds for dismissal Respondent advances.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Carter leave to appeal *in forma pauperis*.  Though Carter has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the

---

[1]  To the extent Carter argues his placement in administrative detention was punitive in nature, that claim would also likely need to be asserted as a Bivens action rather than under Section 2241.  Alvarez v. U.S. Immigration & Customs Enf't, 818 F.3d 1194, n.6 (11th Cir. 2016) (quoting Turkmen v. Hasty, 789 F.3d 218, 235–36 (2d Cir. 2015) ("Both the Supreme Court and [the Second] Circuit have recognized a Bivens remedy for constitutional challenges to [punitive] conditions of confinement[.]")).

3

Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the Carter's Petition, the Court should **DENY** Carter *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Carter's Petition and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Carter leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of December, 2018.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA